IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARWIN FISHER, § | | |
| TDCJ #616375, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-3866 |
| § | | |
| KENNETH DIXON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## ORDER OF DISMISSAL

The Clerk's Office has received a handwritten "Criminal Complaint Affidavit" from Darwin Fisher, who identifies himself as a state inmate in custody at the Estelle High Security Unit of the Texas Department of Criminal Justice in Huntsville. In this complaint, which is dated November 23, 2009, Fisher alleges that five correctional officers assaulted him on November 10, 2009. Construing Fisher's correspondence as civil rights complaint under 42 U.S.C. § 1983, the Clerk's Office opened this case as a civil action. The Court concludes, however, that this case must be dismissed for reasons set forth below.

A review of the complaint reflects that Fisher alleges violations of state and federal penal laws. He does not seek damages. Instead, Fisher requests a grand jury indictment on criminal charges against all of the officers.

Fisher has no standing to sue for violations of criminal law. In that regard, the Texas Penal Code does not create a private right of action. *See Aguilar v. Chastain*, 923

S.W.2d 740, 745 (Tex. App.─Tyler 1996, writ denied); *Spellmon v. Sweeney*, 819 S.W.2d 206, 211 (Tex. App.─Waco 1991, no writ). In addition, to the extent that Fisher seeks to initiate criminal charges against the defendants, there is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Nor is there a constitutional right to have someone investigated. Importantly, the decision to charge an individual with criminal violations is not vested within the courts, but is solely within the discretion of the district attorney. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (private citizen has no standing to have lawyer disciplined or criminally charged); *Satler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (neither member of public at large nor victim has right to have another criminally prosecuted).

This Court can only grant relief pursuant to a motion filed in a pending case that is within its subject matter jurisdiction. Even under the liberal theory of construction applicable to *pro se* pleadings, the allegations in Fisher's correspondence do not reflect an intent to seek relief for violations of civil rights under 42 U.S.C. § 1983. Fisher has not presented his claims on the pre-printed form approved for use by prisoners pursuing civil rights claims. Those forms are available from the Clerk's Office and from the law library at most state prison units. Likewise, Fisher has not paid the requisite filing fee for pursuing such relief in federal district court. Nor has he included a properly supported

motion for leave to proceed *in forma pauperis*. Because Fisher does not appear to actually seek relief by filing a civil suit, the Court concludes that this case must be dismissed as improvidently filed.

Accordingly, the Court **ORDERS** as follows:

1. The pending complaint is **DISMISSED WITHOUT PREJUDICE**.

2. The plaintiff is advised that, if he intends to pursue a complaint in federal district court, this Court will entertain a written "Motion to Reinstate" this case that is accompanied by the requisite filing fee or a properly supported motion for leave to proceed *in forma pauperis*.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas this 3rd day of December, 2009.

_____
Kenneth M. Hoyt
United States District Judge